UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS MASON,

       Plaintiff,

v.

                                                Case No. 04-74074

JO ANNE B. BARNHART,           Honorable Patrick J. Duggan
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
Of Michigan, on February 6, 2006.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

       Plaintiff Thomas Mason applied for Social Security Disability Insurance Benefits and

Supplemental Security Income on April 11, 2000.  The Social Security Administration

denied Plaintiff benefits both initially and on appeal.  On May 14, 2001, Plaintiff filed a

second application, alleging disability since November 11, 1998, due to foot calluses, right

side weakness, depression, and substance abuse problems.  On January 17, 2002, Defendant

denied Plaintiff's second application.  A hearing was held on February 5, 2004, before an

Administrative Law Judge ("ALJ").

       Following the hearing, the ALJ determined that Plaintiff was not entitled to disability

benefits because, although Plaintiff's conditions were severe and although Plaintiff would be unable to perform any of his past relevant work, he could perform a significant number of light work identified by a vocational expert. (Tr. at 22-23). The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (*See* Tr. at 6-8).

Plaintiff sought judicial review of the Commissioner's final decision in this Court pursuant to 42 U.S.C. § 405(g). On February 3, 2005, Plaintiff filed his Motion for Summary Judgment and on April 4, 2005, Defendant the Commissioner of Social Security filed its Motion for Summary Judgment. This Court had previously referred all non-dispositive motions and the issuance of a report and recommendation to Magistrate Judge Mona K. Majzoub in an Order dated October 20, 2004.

On January 12, 2006, Magistrate Judge Majzoub filed her Report and Recommendation (R&R) recommending that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. At the conclusion of the R&R, Magistrate Judge Mazoub advised the parties that they may object and seek review of the R&R within ten days of service upon them. The R&R also advised the parties that "[f]ailure to file specific objections constitutes a waiver of any further right to appeal," citing *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 46 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).[1] Neither party filed

---

[1]In *United States v. Walters*, the Sixth Circuit held that a party waives his or her right to appeal by failing to file objections to a magistrate judge's report and recommendation within ten

2

objections to the R&R.

The Court, however, has carefully reviewed the R&R and concurs with Magistrate Judge Mazoub's conclusion that Defendant's motion for summary judgment should be granted and that Plaintiff's motion for summary judgment should be denied.

Therefore,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED.**

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Thomas Mason
Detroit, MI 48219

James A. Brunson, AUSA

Magistrate Judge Mona K. Mazoub

---

days, provided the magistrate judge notified the parties that failure to file objections constitutes a waiver of appeal.  638 F.2d 957, 949-50 (6th Cir. 1981).  The Supreme Court affirmed the Districts' power to impose such an administrative rule in *Thomas v. Arn*, 474 U.S. 140, 105 S. Ct. 466 (1985).  *See also Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Magistrate Judge Mazoub notified the parties that failure to file objections would constitute a waiver of their right to appeal; nevertheless, Plaintiff failed to file any objections to the R&R.  Therefore, Plaintiff has waived his right to appeal.

3